UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEUNESSE, LLC, a Florida
limited liability company, MARKET
Q, INC., a Florida corporation,
WENDY R. LEWIS, an individual, and
OGALE "RANDY" RAY, an
individual,

    Plaintiffs,

vs.                                              Case No.: 6:15-cv-131-ORL-28-DAB

LIFEWAVE, INC. f/k/a LIFEWAVE,
LLC a foreign corporation,

    Defendant,
_____/

**PLAINTIFFS/COUNTER-CLAIM DEFENDANTS' MOTION TO DISMISS COUNTS I, II and IV OF DEFENDANT/COUNTERCLAIMANT'S COUNTERCLAIM WITH PREJUDICE AND MOTION TO DISMISS COUNT III WITHOUT PREJUDICE**

Plaintiffs/Counterclaim-Defendants, Jeunesse, LLC, Market Q, Inc., Wendy R. Lewis and Ogale "Randy" Ray, hereby move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant, LifeWave's Counterclaim (Doc. 22). Counts I, II and IV of the Counterclaim allege state law claims of breach of contract, misappropriation of trade secret, and fraudulent inducement, but Defendant can prove no set of facts that would entitle it to as these Counts are barred by the applicable statutes of limitations. In Count III of the Counterclaim, Defendant fails to set forth a cause of action for the state law claim of tortious interference with contracts and advantageous business relationships. Plaintiffs thus move the Court to dismiss Defendant's Counterclaim for failure to state a claim, and offer the following memorandum in support.

**Factual Background and Counterclaim Allegations**

1

Plaintiffs filed this action arising out of a webinar presented by Defendant in January of 2015 aimed at unlawfully competing with Jeunesse by alleging numerous falsehoods about Jeunesse's business operations and slandering Jeunesse's co-founders, Wendy Lewis and Randy Ray. The lawsuit was commenced on January 27, 2015. In its now filed Counterclaim, Defendant is impermissibly attempting to turn this action arising out of the webinar into something more. Defendant is trying to use a single breach of contract claim brought against it by Market Q for breaching a provision in a Termination Agreement that prohibited Defendant from making disparaging communications with regard to Market Q's employees, members, managers or affiliates to raise claims that are barred by the statutes of limitations.

The Counterclaim contends that Defendant and Market Q entered into a contract on October 24, 2004. (Doc. 22, pp. 21-22, ¶5). Defendant purportedly relied on representations and promises by Market Q's principals, Ms. Lewis and Mr. Ray, in deciding to contract with Market Q. (Doc. 22, p. 21, ¶4). Defendant claims that Ms. Lewis and Mr. Ray formed their own MLM company, Freedom Fuel [sic] International ("FFI") and that FFI unlawfully raided Defendant's distributors and one of its officers to start FFI. (Doc. 22, pp. 22-23, ¶¶11-12). Defendant claims it was forced under extreme duress to sign the Termination Agreement on December 19, 2005. (Doc. 22, p. 23, ¶¶13-14). Defendant continues to contend that soon after the Termination Agreement was signed, Ms. Lewis and Mr. Ray unlawfully used Defendant's trade secrets and confidential information to build FFI. (Doc. 22, p. 23, ¶15). Defendant alleges that it "has been damaged in an amount of no less than five million dollars ($5,000,000.00)" as a result of the "theft" of its database. (Doc. 22, p. 24, ¶19).

Defendant incorporates the above allegations in Counts I, II and IV. Count I alleges a cause of action breach of contract against Market Q for providing Defendant's confidential

database information to Mr. Ray and Ms. Lewis who used the information to form FFI and Jeunesse.[1] (Doc. 22, p. 26, ¶39). Count II purports to set forth a cause of action for violations of Florida's Uniform Trade Secret Act (Chapter 688, Fla. Stat.) against Mr. Ray, Ms. Lewis and Jeunesse. (Doc. 22, pp. 27-28, ¶¶41-51). Defendant fails to make specific allegations as to Mr. Ray, Ms. Lewis and Jeunesse in Count II and appears to be claiming that this cause of action is based on Market Q's disclosure of Defendant's original distributorship list as of 2005 and accompanying information. Finally in Count IV, Defendant contends that Market Q, Mr. Ray and Ms. Lewis made deliberate, false statements related to agreeing to safeguard Defendant's data and not use it for improper purposes which Defendant relied on when it executed the Termination Agreement. (Doc. 22, p. 29, ¶57-60).

**Legal Standard**

A counterclaim should be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994). "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." *Morris v. ADT Sec. Servs.*, 580 F. Supp. 2d 1305, 1308 (S.D. Fla. 2008). And "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

**Counts I, II and IV of the Counterclaim are Barred by the Applicable Statutes of Limitations**

Counts I, II and IV are all barred by the applicable statutes of limitations. Even if these Counts are deemed compulsory counterclaims and are permitted to relate back to the date of the

---

[1] Public records establish that Jeunesse was incorporated in 2009.

3

filing of this action, the claims are still outside of the applicable statutes of limitation. Under Florida law, the statute of limitations for breach of contract is five (5) years. *See* §95.11(2)(b), Fla. Stat. The statute of limitations for violation of Florida's Uniform Trade Secret Act is three (3) years. *See* §688.007, Fla. Stat.; *see also Knights Armament Co. v. Optical Sys. Tech., Inc.,* 636 F. Supp. 2d 1283, 1293 (M.D. Fla. 2009)("Although suspicion alone is insufficient to run the limitations period, "when there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit), the limitations period begins, even though the plaintiff has not conducted such an investigation"). Lastly, the statute of limitations for "a legal or equitable action founded on fraud" is four years. *See* §95.11(3)(j), Fla. Stat.

Defendant cannot dispute that it had knowledge of the alleged "theft" of its information and claimed trade secrets and knowledge of the misrepresentations soon after Market Q and Defendant entered into the Termination Agreement on December 13, 2005. In the Counterclaim, Defendant alleges that soon after the termination agreement was signed, Ms. Lewis and Mr. Ray unlawfully used Defendant's trade secrets and confidential information to build FFI. (Doc. 22, p. 23, ¶15). Additionally, David Schmidt, the founder and chief executive officer of Defendant, Lifewave, admitted in an affidavit filed in opposition to Plaintiffs' motion for temporary injunction, that Defendant was aware soon after Defendant settled with Market Q that Mr. Ray and Ms. Lewis used Defendant's database. (Doc. 11, pp. 12-13, ¶¶ 36-37). It is now over nine (9) years and four (4) months since Defendant and Market Q settled and the termination agreement was signed. These claims are unequivocally barred by the applicable three (3), four (4) and five (5) year statutes of limitation.

Moreover, these claims are independent causes of action seeking affirmative relief (in the form of $5,000,000.00) which are not compulsory counterclaims that could possibly avoid the statutes of limitations bars. This lawsuit relates to and is grounded in the defamatory and false statements made in Defendant's webinar. The Counterclaim is merely retaliatory. As discussed in footnote 8 of *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc*., 683 F. Supp. 2d 1292, 1298 (M.D. Fla. 2009), this Court stated:

> The notion that a defensive assertion is permissible even if an aggressive assertion is not permissible is exemplified by the treatment of a time-barred compulsory counterclaim. A compulsory counterclaim that is "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded ... is never barred by the statute of limitations so long as the main action itself is timely." *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *see also Burlington Indus. v. Milliken & Co*., 690 F.2d 380, 389 (4th Cir.1982) (finding that " 'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.' "); *Builders Supply Co. v. Old World Artisans, Inc*., 702 F.Supp. 1561, 1569 (N.D.Ga.1988) (noting the distinction between "an affirmative independent cause of action" that must comply with the statute of limitations and a claim that is "in the nature of a defens[e]" and relates back to the date of the original complaint). Thus, notwithstanding the statute of limitations, a defendant is permitted to assert a compulsory counterclaim as long as the counterclaim is equivalent to a defense to the plaintiff's action and is not an independent cause of action seeking affirmative relief. A claim barred by a contract is entitled to no less consideration than a claim barred by a statute.

The burden is on the Defendant to establish that the counterclaim is compulsory and is not barred by the applicable statutes of limitations. *See e.g. Harbers v. Harbers*, 2012 WL 2060858 *2 (M.D. Fla. 2012).

**<u>Count III must be Dismissed for Failure to State a Cause of Action</u>**

A complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court does not have to accept a plaintiff's legal conclusions as true. *Id*. A plaintiff does not state a claim for

relief by offering mere "labels and conclusions," "formulaic recitations of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id*.

Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994). An action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered. *Id.* at 815.

To start, Defendant does not set forth any facts or allegations supporting its conclusory statement that "[u]pon information and belief, Jeunesse knew and knows of the contractual and business relationships between [Defendant] and its Denmark distributors." (Doc. 22, p. 28, ¶ 53). Next, Defendant appears to discredit that it has any actual and identifiable understanding or agreement with its Denmark distributors by noting that it does not prohibit its distributors from belonging to more than on MLM. (Doc. 22, p. 25, ¶27). Instead, Defendant merely contends in conclusory fashion that it has contractual and advantageous business relationships with its distributors in Demark. (Doc. 22, p. 28, ¶52).

Defendant also fails to make a connection between Jeunesse's alleged "headhunting bonus compensation plan" and the independent acts of Defendant's distributors to cross-recruit for Jeunesse and to promote Jeunesse on Defendant's Facebook page. Defendant also states that Jeunesse's "recruiting practice would also be a violation to the extent it interferes with [Defendant's] contract with its distributors." (Doc. 22, p. 26, ¶26). This allegation further

6

highlights the speculation and lack of supporting allegations for this Count. As such, Jeunesse seeks dismissal of this Count.

**Conclusion**

For the reasons set forth above, Plaintiffs request that the Court enter an order dismissing Counts I, II and IV of Defendant's Counterclaims with prejudice and dismissing Count II of Defendant's Counterclaim without prejudice for failing to state a cause of action.

Dated: April 27, 2015

COLE, SCOTT & KISSANE P.A.
Counsel for Plaintiffs
Summit Tower, Suite 750
1900 Summit Tower Blvd.
Orlando, FL 32810
Telephone: (321) 972-0025
Facsimile: (321) 972-0099
Email: christie.bredahl@csklegal.com
           Jeanna.bond@csklegal.com

*s/Christina Bredahl*
Christina Bredahl, Esq.
Florida Bar No.: 0055462

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April, 2015 a true and accurate copy of the foregoing has been electronically filed the foregoing with the Court's ECF system, which will send notice of electronic filing to all CM/ECF participants including counsel for Defendant, David P. Hathaway, Esq. and Jay Pontrelli, Esq.

*s/Christina Bredahl*
Christina Bredahl, Esq.
Florida Bar No.: 0055462