**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JEUNESSE, LLC, MARKET Q, INC.,
WENDY R. LEWIS, and OGALE
"RANDY" RAY,

      Plaintiffs,

v.                                 Case No: 6:15-cv-131-Orl-28DAB

LIFEWAVE, INC.,

      Defendant.

## ORDER

Plaintiffs/Counterclaim Defendants Jeunesse, LLC; Market Q, Inc.; Wendy R. Lewis; and Ogale "Randy" Ray (collectively, "Plaintiffs") sued Defendant/Counterclaim Plaintiff LifeWave, Inc. f/k/a LifeWave, LLC ("Defendant") based on Defendant's allegedly false statements. (See Compl., Doc. 1). Defendant filed a Counterclaim, bringing counts of breach of contract, misappropriation of trade secrets, tortious interference with contracts and advantageous business relationships, and fraudulent inducement. (Countercl., Doc. 22, at 21-30). Plaintiffs now move to dismiss the Counterclaim. (Doc. 29). After considering the Counterclaim, the motion to dismiss, and Defendant's response (Doc. 36), I conclude that the motion to dismiss must be denied.

I.    **Background**

According to Plaintiffs, Defendant hosted a webinar for its distributors in which it asserted false statements about Jeunesse, Lewis, and Ray. (Compl. ¶¶ 23-24). Plaintiffs further allege that Defendant is distributing written materials with false statements about Jeunesse. (Id. ¶ 26). Based on this alleged conduct, Plaintiffs sued Jeunesse for business

disparagement (Count I), tortious interference with advantageous business relationships (Count II), violations of the Florida Deceptive and Unfair Trade Practices Act[1] (Count III), violations of the Lanham Act[2] (Count IV), unfair competition (Count VI), trade libel (Count VII), libel (Counts VIII and IX), and breach of contract (Count X). (See id.). In addition to other requested relief, Plaintiffs seek a temporary and permanent injunction (Count V).[3] (Id. ¶¶ 57-65).

In its Answer, Affirmative Defenses, and Counterclaim (Doc. 22), Defendant alleges that it hired Plaintiff Market Q to provide its software services, (id. at 21). Defendant alleges that during this relationship, "Market Q programmers surreptitiously placed themselves in advantageous distributor positions within [Defendant's] hierarchy." (Id. at 22). Defendant further alleges that a company formed by Lewis and Ray, Freedom Fuel International, "unlawfully raided [Defendant's] important distributors and one of [Defendant's] officers" and used Defendant's trade secrets in violation of a Termination Agreement between Defendant and Market Q. (Id. at 22-23). According to Defendant, its members were recruited to Jeunesse through an improper and illegal scheme. (Id. at 24). Defendant brings four claims against Plaintiffs: breach of contract against Market Q (Count I), misappropriation of trade secrets against Ray, Lewis, and Jeunesse (Count II), tortious interference with contracts and advantageous business relationships against Jeunesse (Count III), and fraudulent inducement against Market Q, Ray, and Lewis (Count IV).

---

[1] §§ 501.201-.213, Fla. Stat.

[2] 15 U.S.C. § 1125(a).

[3] Plaintiffs also filed a motion for preliminary injunction. (Doc. 5). After a hearing, (see Mins., Doc. 13), the Court denied the motion for preliminary injunction, (Order, Doc. 16).

Plaintiffs move to dismiss Counts I, II, and IV of the counterclaim with prejudice on statute of limitations grounds and to dismiss Count III without prejudice for failure to state a claim. (Mot. Dismiss, Doc. 29).

## II.   Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.[4]

However, "[a] statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta v. First

---

[4] In its opposition memorandum, Defendant cites a standard that no longer applies. Plaintiff asserts that a complaint should not be dismissed on a Rule 12(b)(6) motion "'unless it appears beyond a doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief.'" (Opp'n to Mot. Dismiss, Doc. 36, at 2 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))). However, this "no set of facts" language from Conley v. Gibson was expressly disapproved by the Supreme Court in Twombly. See 550 U.S. at 562-63 (abrogating Conley). The Court has analyzed Defendant's motion under the Twombly and Iqbal standard rather than the disapproved Conley language.

3

Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (alterations in original) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)). Accordingly, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." Id. (internal quotation marks omitted); see also Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP, No. 14-12219, 2015 WL 1651628, at *3 (11th Cir. Apr. 15, 2015) (per curiam); see also Harris v. Goderick, No. 13-12253, 2015 WL 1812769, at *3 (11th Cir. Apr. 22, 2015) (per curiam) ("[A] complaint may be properly dismissed when the allegations show that an affirmative defense bars recovery on the claim." (internal quotation marks omitted)).

### III. Analysis

#### A. Statute of Limitations

Plaintiffs argue that Counts I, II, and IV of the Counterclaim are barred by the statutes of limitations. (Mot. Dismiss at 3-5). Defendant argues that the counts should not be dismissed because it is not apparent from the face of the counterclaim that they are time-barred and because they are compulsory counterclaims in recoupment. (Opp'n to Mot. Dismiss, Doc. 36, at 3-8).

In the Counterclaim, Defendant alleges that it was formed in 2004 and that it entered into a Software License and Use Agreement with Market Q on October 24, 2004. (Countercl. ¶¶ 1 & 5). It signed the Termination Agreement in December 2005, (id. ¶ 14 (stating that Defendant signed the Termination Agreement on December 19, 2005); id. ¶ 35 (stating that the Termination Agreement is dated December 13, 2005)), and "soon after the agreement was signed," Lewis and Ray "unlawfully used [Defendant's] trade secrets and confidential information" in violation of the agreement, (id. ¶ 15). Defendant also alleges that it learned in late 2014 that Jeunesse was illegally inducing Defendant's

4

members to join Jeunesse. (Id. ¶ 20). Other than these dates, Defendant does not allege dates in the Counterclaim.

The Florida statute of limitations for breach of contract is five years. § 95.11(2)(b), Fla. Stat.[5] Florida does not apply the discovery rule—in which the statute of limitations would only begin to run upon the discovery of the breach—to breach of contract actions, "so the date of accrual is the date of the first breach." Servicios De Almacen Fiscal Zona Franca y Mandatos S.A. v. Ryder Int'l, Inc., 264 F. App'x 878, 880 (11th Cir. 2008) (per curiam) (citing Abbott Labs., Inc. v. Gen. Elec. Capital, 765 So. 2d 737, 740 (Fla. 5th DCA 2000)); see also Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (per curiam) (citing Fed. Ins. Co. v. Sw. Fla. Retirement Ctr., Inc., 707 So. 2d 1119, 1122 (Fla. 1998)). Plaintiff argues that the statute of limitations bars the breach of contract claim because the Counterclaim states that Lewis and Ray unlawfully used the trade secrets soon after the Termination Agreement was signed and because Defendant's founder admitted in an affidavit that Defendant was aware of Plaintiffs' conduct soon after the Termination Agreement was signed. (Mot. Dismiss at 4). However, these allegations do not render it apparent from the face of the Counterclaim that this claim is time-barred because the Counterclaim does not specifically state when the contract was allegedly breached. Accordingly, the motion to dismiss must be denied as to Count I.

Misappropriation of trade secrets has a statute of limitations of three years. § 688.007, Fla. Stat. The statute begins to run when "the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Id. Additionally,

---

[5] The parties both cite Florida substantive law as the basis for all four counts at issue here.

5

for "[a] legal or equitable action founded on fraud"—such as Count IV of the Counterclaim for fraudulent inducement—the statute of limitations in Florida is four years. § 95.11(3)(j), Fla. Stat. The statute of limitations begins to run "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." § 95.031(2)(a), Fla. Stat. As in the breach of contract count, the trade secrets and fraudulent inducement counts of the Counterclaim do not state when the alleged misappropriation of trade secrets or fraud occurred or when they were discovered or should have been discovered. Accordingly, it is not apparent on the face of the Counterclaim that the statute of limitations bars these claims, and the motion to dismiss must be denied as to Counts II and IV.[6]

### B. Failure to State a Claim

Finally, Plaintiffs argue that Count III of the Counterclaim must be dismissed without prejudice for failure to state a cause of action. (Mot. Dismiss at 1 & 5-7). "The elements of tortious interference with a business relationship are '(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.'" Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994) (alteration in original) (quoting Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985)). Similarly, "the elements of a cause of action for tortious interference with a contractual relationship are: (1) The existence of a contract, (2) The defendant's knowledge of the contract, (3) The

---

[6] Defendant also argues that Counts I, II, and IV cannot be dismissed on statute of limitations grounds because they are compulsory counterclaims in recoupment. (Doc. 36 at 5-8). Because it is not apparent that the statute of limitations bars those counts, this argument need not be addressed.

defendant's intentional procurement of the contract's breach, (4) Absence of any justification or privilege, [and] (5) Damages resulting from the breach." Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1321 (11th Cir. 1998) (alteration in original) (citing Fla. Tel. Corp. v. Essig, 468 So. 2d 543, 544 (Fla. 5th DCA 1985)).

Plaintiffs argue that Defendant does not set forth facts supporting Jeunesse's knowledge of the contractual and business relationships between Defendant and its Denmark distributors or supporting actual contractual and advantageous business relationships. (Mot. Dismiss at 6). Plaintiffs further argue that "Defendant also fails to make a connection between Jeunesse's alleged 'headhunting bonus compensation plan' and the independent acts of Defendant's distributors to cross-recruit for Jeunesse and to promote Jeunesse on Defendant's Facebook page." (Id.).

In response to this argument, Defendant relies on its allegations that it "had a contractual and advantageous business relationship with its distributors in Denmark," (Counterclaim ¶ 52), that "Jeunesse knew and knows of," (id. ¶ 53). Defendant also points to its allegation that Jeunesse "intentionally and unjustifiably interfered with [Defendant's] contractual and business relationships with its distributors in Denmark by utilizing an illegal headhunting bonus compensation plan designed to induce [Defendant's] distributors to leave [Defendant] and join Jeunesse, or to otherwise violate the terms of their agreements with [Defendant], which constituted illegal raiding of [Defendant]'s distributors and business assets." (Id. ¶ 54).

These allegations, when combined with general background factual allegations in the Counterclaim, are sufficient to state a claim to relief that is plausible on its face and

thus to withstand a motion to dismiss. Accordingly, the motion to dismiss must be denied as to Count III.

IV. **Conclusion**

The applicability of the statutes of limitations is not clear on the face of the Counterclaim, and Count III states a claim to relief that is plausible on its face. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Dismiss Counts I, II and IV of the Counterclaim with Prejudice and Motion to Dismiss Count III without Prejudice is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 17, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties